IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD HALL,

                        Plaintiff,                      OPINION & ORDER

    v.

                                                   13-cv-615-wmc

CDA, SALLY JO HANKS, AUGUSTIN
OLIVERA, WILLIAM CPERKIN, and
TIMOTHY BRUER,

                        Defendants.

---

      Plaintiff Bernard Hall brings this proposed civil action alleging that he was unreasonably evicted from his apartment. He names the Community Development Authority ("CDA"), which owns and operates low-rent public housing in Madison, as a defendant, as well as certain individuals employed at the CDA. Hall has been granted leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915, without prepayment of fees. The next step is determining whether Hall's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Hall has failed to articulate a plausible claim to relief under the Constitution or federal law, he may not proceed with his lawsuit at this time. Should he wish to do so, Hall will nevertheless be given until January 30, 2015, to amend his pleadings consistent with this opinion. Otherwise, his case will be dismissed.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court accepts Hall's well-pled allegations as true and assumes the following facts.

Plaintiff Bernard Hall is physically and mentally disabled. Though he does not explicitly allege it, the court infers that Hall was living in CDA-operated housing at the time of the events alleged.

At least twice monthly, defendant Sally Jo Hanks yelled at Hall for having guests at his apartment, as well as interfered with those guests. Hanks may also have called the police on him at some point. Finally, on September 3, Hanks managed to get the CDA to evict Hall from his apartment, even though he was a good tenant.

Hall alleges that in taking this action, Hanks violated his constitutional right to privacy and his rights under 29 U.S.C. § 794, the Rehabilitation Act of 1973. He also alleges that her conduct in refusing to allow him to have friends over and calling the police violated the "covenant of private enjoyment," the Fifth Amendment and the Fourteenth Amendment's due process clause. As a remedy, Hall asks this court to enjoin the CDA from terminating his lease.

OPINION

Though some of his allegations and claims are difficult to discern, the court will consider each in turn to determine whether he has stated a claim on which relief can be granted with respect to the various sources of law cited in his complaint.

1. **Rehabilitation Act Claim**

The clearest claim that Hall appears to assert is a violation of the Rehabilitation Act, which states in relevant part that:

> [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a). Hall alleges generally that he has physical and mental disabilities, and the court will assume for purposes of this screening order that the CDA receives federal funding.

Hall does not, however, allege any facts from which the court can infer that he was denied the benefits of CDA housing "solely by reason of his . . . disability." *Id.* Rather, he appears to allege that he was evicted from his apartment: (1) because he entertained guests, (2) based on some other unspecified and trumped-up charge by Hanks; or (3) for no reason at all. While the court must read *pro se* pleadings generously, there is *no* suggestion in Hall's complaint that he was evicted based on his unnamed physical and mental disabilities. Accordingly, Hall fails to state a claim under the Rehabilitation Act.

2. **Fifth and Fourteenth Amendment Claims**

Hall next alleges that Hanks's interference with his guests and unfair eviction violates his Fourteenth Amendment right to privacy. The court can find no support for the notion that being evicted from one's housing violates a constitutional privacy right.

Similarly, Hall alleges that his inability to have guests violated his due process rights under the Fifth and Fourteenth Amendments, but he alleges neither what process he was

3

due nor how that process was denied. For instance, Hall does not allege that he possessed a Section 8 voucher and that the voucher was revoked without required process, which might support a due process claim if no reasons were given or no opportunity to challenge those reasons was offered. *See, e.g.*, 24 C.F.R. § 982.554 (requiring the Public Housing Authority to give reason for decision terminating assistance and opportunity for informal review); *id.* at § 982.555 (requiring notice of ability to request informal hearing and opportunity to examine documents relevant to the hearing).

As best the court can discern, Hall alleges only that he was evicted from his specific apartment, apparently because he invited friends over. This is not enough to state a claim for relief. *See Fincher v. S. Bend Heritage Found.*, 606 F.3d 331, 335 (7th Cir. 2010) ([I]t is clear that there is no legitimate claim to entitlement for individuals rejected from a specific housing unit."). Accordingly, any consitutional claim that Hall may have conceivably asserted is underdeveloped, and he will not be granted leave to proceed at this time.

   3. **Housing Act of 1937**

Hall also argues that (a) the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*, which governs low-income housing, does not require a lease term authorizing the eviction of good tenants; and (b) if it did, such a statute would violate the Constitution. Hall cites no legal authority supporting either of these claims. After looking at the statute in question, however, the court infers that perhaps Hall means to allege a violation of 42 U.S.C. § 1437d(*l*). This section requires each public housing agency to utilize leases with particular terms and conditions, which include: the leases "do not contain unreasonable terms and conditions," 42 U.S.C. § 1437d(*l*)(2); the agency must give adequate written

notice of termination, § 1437d(*l*)(4); the agency must not terminate a tenancy except for serious or repeated violation of lease terms or other good cause, § 1437d(*l*)(5); and the tenant must be informed of the chance to examine relevant documents, records or regulations related to an eviction prior to any hearing or trial, § 1437d(*l*)(7).

Even so, as currently pled, plaintiff's complaint fails to identify which, if any, of the provisions of the Housing Act Hall intends to invoke, or in what way. This is problematic because Federal Rule of Civil Procedure 8(a) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has stated that the purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In contrast, Hall has wholly failed to give fair notice to defendants with respect to any claim he may have intended to raise under 42 U.S.C. § 1437d(*l*).

4. **Covenant of Quiet Enjoyment**

Finally, Hall argues that Hanks' interference with his guests violates the so-called "covenant of quiet enjoyment." The problem is that federal courts are courts of limited jurisdiction. *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). This means they can only hear the cases Congress has given them the power to hear, like: cases arising under the U.S. Constitution or federal law, 28 U.S.C. § 1331; cases involving state law claims where there is complete diversity of citizenship between the parties, 28 U.S.C. § 1332; or state law claims that are so related to other claims over which the court has jurisdiction that they are part of the same case or controversy, 28 U.S.C. § 1367(a). Here, there is no diversity of

citizenship, and Hall has pled no viable claims arising under the Constitution or federal law. Therefore, the court has no power to consider any state law covenant of quiet enjoyment claim he may have asserted.

The court will, however, give Hall an opportunity to amend his complaint to comply with the minimum pleading requirements set forth above, beginning with Rule 8.  Should Hall wish to amend his complaint, he has until January 30th to do so.  If he does not do so timely, the court will dismiss this case without prejudice as to Hall filing it again at a later date.

ORDER

IT IS ORDERED that plaintiff Bernard Hall's request to proceed *in forma pauperis* is DENIED.  Hall may have until January 30, 2015, to amend his pleadings.  If he does not, the court will dismiss this case without prejudice and direct the clerk of courts to enter judgment accordingly.

Entered this 6th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge